**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:18-cv-25446-CMA**

**OFFICE OF THE ATTORNEY GENERAL,**
**STATE OF FLORIDA, DEPARTMENT OF**
**LEGAL AFFAIRS,**

**Plaintiff,**

**v.**

**US MOVING SERVICES INC., et al.,**

**Defendants.**

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

---

Defendants, US MOVING SERVICES, INC. ("US"), MOVING & STORAGE SF, INC. ("SF"), MOVING SYSTEMS, INC. ("MS"), and YEHOSHUA VAKNIN ("Vaknin"), by and through undersigned counsel, hereby files its Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Liability and would respectfully show the Court as follows:

## Introduction

This matter is one of several cases brought by the Office of the Attorney General of Florida against numerous small, indepedent moving and storage companies. Plaintiff's Amended Complaint includes counts with the following titles: Count 1 Advertising Violations by Household Goods Motor Carrier (Title 49 CFR Part 375 (§375.207)); Count 2 Failure to Provide Proper Written Estimates by Household goods Motor Carrier (Title 49 USC

§14104(b) and CFR 375.401); Count 3 - Failure to Relinquish Goods (49 USC §13707(b)(3) and CFR §375.403(7) and §375.703(a)); Count 4 - Failure to Pickup and Provide Notification (49 CFR §375.603 and §375.605); Count 5[1] - Deceptive and Unfaire Trade Practices (Direct Violation of FDUTPA); Count 6 - Violations of the Florida Moving Act by Intrastate Mover (Constituting A *Per Se* FDUTPA Violation); Count 7 - Violations of the ITC and FMCSA regulations by Interstate Household Goods Motor Carrier (Constituting A *Per Se* FDUTPA Violation).

Plaintiff's motion seeks summary judgment on six of these seven counts, and in support thereof, it vaguely references certain unsworn statements of what it purports to be consumers, who it claims used the services of the Defendant corporations at some point in time. However, Plaintiff has failed to provide the full shipping documents for each move alleged to have comprised a violation, along with an admissible affidavit authenticating those documents, or any admissible evidence at all, aside from deposition transcripts (which often do not say what Plaintiff claims they will).

The result is a Motion for Summary Judgment that must be denied even absent opposition. However, here, we have direct opposition, and disputes of "facts" essential to Plaintiff's case, which would require denial even if those "facts" had been established, which they have not.

**Count I Fails**

Plaintiff has failed to state a viable cause of action for Advertising Violations pursuant to 49 CFR §375.207. First, this particular section of the CFR is written in

[1]Plaintiff has not included this Count in its Summary Judgment Motion.

question and answer form and merely provides guidance to motor carriers as to what must be included in advertisements. Plaintiff's count is based entirely on the vague and unenforceable statement that "you and your agents must publish and use only truthful, straightforward, and honest advertisements." See 49 CFR §375.207(a).

The enforcement mechanism of Chapter 375 comes in §375.901, which reads as follows:

> The penalty provisions of 49 U.S.C. Chapter 149, Civil and Criminal Penalties apply to this part. These penalties do not overlap. Notwithstanding these civil penalties, nothing in this section shall deprive any holder of a receipt or a bill of lading any remedy or right of action under existing law.

Plaintiff misapprehends the penalty provision of 49 USC §14901, which does not apply to advertisements at all. Instead, that section provides penalties against a carrier who "fails or refuses to comply with any regulation issued by the Secretary or the Board ***<u>relating to protection of individual shippers</u>***..." Obviously, advertising issues are not those which relate to the protection of individual shippers. Instead those protections are aimed at specific moves, and are specifically addressed and discussed in name within section 14901. Plaintiff's reliance upon 14901 is entirely misplaced.

In addition to relying upon an improper statute for penalties, Plaintiff has also failed to point the Defendants or the Court to a provision providing for enforcement of interstate motor carrier regulations, promulgated by the Federal Motor Carrier Safety Administration and the Surface Board of Transportation, by individual state attorneys.[2] Such an

[2] A review of the entire history of American Jurisprudence has overturned but one single published opinion in which any state entity, including attorneys general, has attempted to enforce 395.207, and it was an order on a motion to dismiss involving

enforcement mechanism is not provided for, because the incongruent regulation of interstate motor carriage by diverse state attorneys under diverse standard would undeniably lead to a breach of the entire purpose of the Title 49, which aims to "impose a single uniform federal rule upon the obligations of carriers operating in interstate commerce." Rocky Ford Moving Vans, Inc. v. United States, 501 F.2d 1369, 1372 (8th Cir. 1974). That court went on to state that "such statutory provisions supersede 'the diverse requirements of state legislation and decisions', and render invalid all 'agreement(s) in derogation of them." Id. at 503; Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.").

The only published opinions to ever mention the 49 CFR §375.207, aside from cases brought by Plaintiff's counsel (on which no judgments have issued following a determination on the merits) were Santana v. Arpin Am. Moving Sys., LLC, 2-08-132-CV, 2009 WL 2462500, at *1 (Tex. App. Aug. 13, 2009) (wrongful death suit by an individual plaintiff claiming direct injury by the trucking company) and United Van Lines, LLC v. Marks, 404 F. Supp. 2d 954, 960 (S.D. Tex. 2005) (which involved an individual shipper's suit against a carrier and its reliance upon the regulation to demonstrate the agency relationship between United and its local agent). In short, Plaintiff here seeks a summary

---

another case, from the same three attorney's bringing the present enforcement action on behalf of Attorney General Ashley Moody. Never, other than in the handful of cases filed by these three attorney's has a state ever attempted to usurp the FMCSA's own authority and enforcement ability in regard to this section. Suffice to say, Plaintiff seeks an unprecedented extension of enforcement, which is plainly violative of the very statute pursuant to which it seeks enforcement.

proceeding on a claim that has never been brought before from an agency not provided with enforcement authority by any statute or regulation, and which requested enforcement would violate the plain letter of the law and more than a century of consistent jurisprudence.

**Count 2 Similarly Fails and Lacks Evidentiary Support**

In addition to directly contradicting the express language of the statute and a century of consistent jurisprudence holding that state enforcement is preempted just as Count 1, Count 2 contains the additional flaw of being factually unsupported. Simply stated, Plaintiff has not and cannot come forth with any facts showing that ever, in even a single move, did not issue a compliant estimate.

For each and every move conducted by the Defendants, the shipper waived the requirement for an in-person inspection in writing, executing the waive prior to the provision of moving services. CSMF ¶ 99. The forms used by the Defendants are approved forms, containing every requirement of the CFR and they are purchased by the Defendants from the Law offices of Michael Garcia, an attorney specializing in selling approved forms and tariffs to motor carriers. CSMF ¶ 123.

Moreover, Plaintiff has not offered any credible evidence that there was so much as a single violation of 49 USC §14104(b)(1)(C), which provides in relevant part:

> Notwithstanding a waiver under subparagraph (B), a carrier's statement of charges for transportation must be submitted to the shipper in writing and must indicate whether it is binding or nonbinding. The written estimate shall be based on a physical survey of the household goods if the household goods are located within a 50-mile radius of the location of the carrier's household goods agent preparing the estimate.
>
> A binding estimate under this paragraph must indicate that the

> carrier and shipper are bound by such charges. The carrier may impose a charge for providing a written binding estimate.

See 49 USC §14104(b)(1)(C)(i) and (ii).

Simply stated, the statute does not require a signature on behalf of the carrier as suggested by Plaintiff; rather, the focus of the statue and all case law interpreting it, are on whether the shipper received and executed the estimate. Similarly, 49 CFR §375.401 does not actually require the signature of the carrier. Instead, it requires the signature of the shipper on the waiver of an in-person estimate (see §375.401(a)(2)(ii)); and it requires that the carrier "must indicate that you and the shipper are bound by the charges." (see §375.401(b)(1)). Plainly, this count fails as a matter of law.

**Count 3 - Unsupported by Any Evidence**

Plaintiff dedicates just two brief paragraphs to this central issue of its narrative, that the Defendants allegedly hold goods hostage demanding excessive amounts of money not provided for by contract. These are patently false and indefensible suggestions, entirely unsupported by any evidence before this Court. CSMF ¶ 109.

Plaintiff's sole fact relied upon is paragraph 78[3] of its Statement of Uncontested Facts, which for clarity is disputed by the Defendant and unsupported in itself. Worse yet, the "fact" opens with the words "in some instances", which is too vague to be a fact or support summary judgment.

---

[3]We note for clarity that Plaintiff's references to "CDEcIns,Ex.H Part"(s) do not direct Defendants or the Court to any document. A proper motion would refer to 76-(X), and list a page number. Instead, we are left to spend hours sorting through hundreds of pages in unlabeled attachments to the statement of material facts, which have no signposts at all, searching for needlessly redacted initials. Frankly, Plaintiff's Statement of Material Facts should be stricken due to these failures, and we hereby affirmatively request such an order.

Looking at the two customers referenced by Plaintiff, out of the hundreds it has listed in discovery, and the tens of thousands services by Defendants in the relevant time period, no admissible evidence is provided. The referenced pages (76-11, page 108-112 and 154-158) contain nothing but unsworn narrative from unidentified individuals who make vague and rambling narratives. Moreover, even the vague and rambling statements fail to establish statutory violations, even if they were admissible. Plainly these out of court statements, being offered to prove the truth of the matter stated are inadmissible hearsay not subject to any exception. Worse yet, Plaintiff failed to include the shipping documents, so that the entire picture would be clear.

In summation, there is not admissible support in paragraph 78, and the only thing presented are unsworn narratives, lacking even signatures or identified, and of course, lacking the shipping documents which would clarify that the narratives are false.

**Count 4 - Has No Support in Fact or Law**

Shockingly, Plaintiff again seeks summary judgment on a count without any factual basis for doing so, and without an enforceable violation of the law, which could be enforceable, even if it were permitted to do so. The same flaws plague this count as with every other. Plaintiff's scant one-hundred and thirty odd words dedicated to summary judgment in this count demonstrate the reality that Plaintiff knew this count was not worthy of effort.

§375.603 reads: "You must tender a shipment for delivery for an individual shipper on the agreed delivery date or within the period specified on the bill of lading. Upon the request or concurrence of the individual shipper, you may waive this requirement." Plaintiff has no even plead, let alone alleged a fact that supports the contention that any individual

shipper had agree with a Defendant upon a date certain in the bill of lading, let alone did no receive the goods on such a date certain. CSMF ¶ 107. Moreover, every single bill of lading for the consumers listed in Plaintiff's discovery, expressly disclaimed a date certain for delivery. CSMF ¶ 119. Plaintiff has not even included a material fact stating what the "specified period" was for a particular shipment, let alone that such date was not met absent a waiver. Finally, each shipment was delivered with reasonable dispatch. CSMF ¶ 1008.

§375.605 is so conditioned as to provide only guidance and not a requirement that could even be clearly violated. For example, it provides that "When you are unable to perform either the pickup or delivery of a shipment on the dates or during the periods specified in the order for service and as soon as the delay becomes apparent to you, you must notify the individual shipper of the delay..." and that "ou must consider the needs of the individual shipper in your advisement." See 49 CFR §375.605 (a) and(b).

Plaintiff's "facts" do not meet these regulatory requirements, or provide copies of shipping documents. Again, Plaintiff's "facts" include hearsay in paragraph 83, and statements that demonstrate compliance with the regulations in regard to paragraph 84.

**Count 6 - the Florida Moving Act Is Inapplicable and Preempted**

The Florida Moving Act only applies to instrastate moves and intrastate movers. Plaintiff has filed to support its claimed violations with documentation of moves that were solely intrastate in nature and upon which reference statutory violations occurred. Absent Plaintiff coming forth with such evidence, establishing those most basic elements of its cause of action, summary judgment on this count is not appropriate.

In support of this section, Plaintiff references most of its facts and hundreds, if not

more than a thousand pages of documents, but not one of the "facts" referenced by Plaintiff even contain the word "intrastate" let alone have support showing an intrastate move, with an intrastate bill of lading, and admissible evidence of a violation of the FMA. In fact, not one of these facts is provided. Instead, Plaintiff points vaguely in the direction of stacks of unsworn statements or complaints or bad reviews online. This Count fails similarly to the rest.

**Count 7 - No Specific Violations of Title 49 Have Been Established Either**

Plaintiff merely recounts allegations of previously mentioned regulatory violations within this section. The only new statute or regulation discussed in regard to this count is 49 USC 13707(b)(3), which provides as follows:

> (A) ***In general***. [emphasis added]—A carrier providing transportation of a shipment of household goods shall give up possession of the household goods being transported at the destination upon payment of—
> (i) 100 percent of the charges contained in a binding estimate provided by the carrier;
> (ii) not more than 110 percent of the charges contained in a nonbinding estimate provided by the carrier; or
> (iii) in the case of a partial delivery of the shipment, the prorated percentage of the charges calculated in accordance with subparagraph (B).

49 USC §13707(b)(3).

This statute is obviously not violated by the failure to release goods in accordance with i, ii, or iii, because it begins with the words "**IN GENERAL**," which is undeniably and obviously a statement of exception. There can be no dispute or further dicussion. Even if Plaintiff could show admissible evidence demonstrating tender of 100 percent of the charges contained in the binding estimate, and the refusal to relinquish goods, it would no

matter, unless Plaintiff can show that no exception to the "**GENERAL**" rule applies.

The exception which would be applicable, if Plaintiff had come forward with admissible evidence in support of a violation of this statute, would be the existence of a signed revised estimate, such as exists for every single consumer listed by Plaintiff, moved by the Defendant, which was requested to pay a different amount. CSMF ¶ 100. Plaintiff cannot and does not come forth with evidence. Plaintiff does not even bother including a reference to a material "fact" in this section.

**Liability of the Principal - Vaknin**

First, Plaintiff appears to openly admit that there has never been a finding of personal liability of a principal of a moving company, for violations of any applicable act, by relying solely upon FTC prosecutions and their very different enforcement provisions. Second, Plaintiff again fails to recall that FDUTPA is preempted, and that it cannot serve as the basis for the Plaintiff to prosecute an interstate motor carrier for its interstate transportation services. See Suarez v. United Van Lines, Inc., 791 F. Supp. 815 (D. Colo. 1992); Malone v. Mayflower Transit, Inc., 819 F.Supp. 724 (E.D. Tenn. 1993); Moffit v. Bekins Moving and Storage, 6 F.3d 305 (5th Cir. 1993); Underwriters at Lloyds of London v. North American Van Lines, 890 F.2d 1112 (10th Cir. 1989); Smith v. United Parcel Serv., 296 F.3d 1244, 1247 (11th Cir. 2002); Hopper Furs, Inc. v. Emery Air Freight Corp., 749 F.2d 1261 (8th Cir. 1984); American Eye Way, Inc. v. Roadway Package System, Inc., 875 F. Supp. 820 (S.D. Fla. 1995); Fine Foliage of Florida, Inc. v. Bowman Transportation, Inc., 698 F. Supp. 1566, 1576 (M.D. Fla. 1988).

Third, Plaintiff again, without statutory support, presupposes itself as the proper

entity to enforce interstate transportation statutes, which were drafted expressly for the purpose of ensuring uniform enforcement and not subject to the patchwork of state legislative and enforcment decisions. See *ie* Rocky Ford Moving Vans, Inc. v. United States, 501 F.2d 1369, 1372 (8th Cir. 1974).

Fourth and finally, Plaintiff again, fails to rely upon facts which meet the legal threshold provided in its own argument. The only facts relied upon in this section are Vaknin's statements that he might have, if he recalls, had the opportunity to review to review the copy written by the website designers, but that regardless, he did not go over it in detail. Those facts do not demonstrate "awareness of fraudulent practices and failures to act within one's authority to control such practices sufficient to establish liability." KC Leisure, Inc. v. Haber, 972 So. 2d 1069 (Fla. 5th DCA 2008). It should be noted that the procedural posture of that case was a decision on a motion to dismiss, and that the finding was merely that if the allegations were true, the court could not rule out the potential for personal liability. Moreover, KC Leisure, involved a principal who "knew of and intentionally elected to ignore the disclosure requirements, drafted disclosure documents that he knew to violated FTC requirements, and assisted in preparation of pro forma financial statements he knew were inaccurate." Id., at 1073. Contrarily here, Vaknin has consistently testified that he had no knowledge of any of the alleged violations, and consistently testified and provided shipping documents for each move showing clear statutory compliance. CSMF, generally.

Plaintiff's motion for summary judgment fails to establish a single instance of overreaching or deception. Instead it attempts to simply provide a narrative of unsupported allegations that people made complaints. The failure of Plaintiff to attach and rely upon

every single shipping document of an allegedly violative move, and show the court the lack of statutorily compliant estimates and revised estimates, and shipping documents with all requisite disclosures, belies the reality that this case is nothing more than the prosecution of random internet complaints about moving companies.

The reality is that the corporate form was always maintained, and Mr. Vaknin's actions were always limited to and through his role as a principal of a corporation. Vaknin never personally offered, sold or provided moving services, other than through his role as a principal or director of US, SF, and MS. CSMF ¶86. The corporate forms of each corporate defendant were maintained at all times relevant. CSMF ¶87 Each of US, SF, and MS maintained separate accounts, paid their own vendors, and settled their own books. CSMF ¶88. Each of US, SF and MS at all times material, filed separate tax returns, and maintained clear records of transactions. CSMF ¶89. Money was never shared or transferred between the companies except as expressly provided for in regard to the payment from one to the other of legitimate invoices for services provided. CSMF ¶90. All of Vaknin's acts in regard to the sale or provision of any household goods moving services were done solely through the corporations for which he served as an officer or director and only via those roles. CSMF ¶91. Mr. Vaknin never made any representations or took any actions in regard to any moving services other than in his role as an officer or director of a corporation. CSMF ¶92. Each of the corporate defendants have, at all times relevant, maintained proper records, and maintained the corporate form, without fail. Each of the corporate defendants has been at all times material, adequately and independent capitalized. CSMF ¶93. Funds have never been informally removed from the corporation for personal rather than corporate purposes. CSMF ¶94. Each of the defendant

corporations dealt with one another at arms-length. CSMF ¶95. Each of the defendant corporations have at all times material been treated as independent profit centers. CSMF ¶96. Each of the defendant corporations has filed independent and complete tax returns for every year that they have been owned or operated by or through Mr. Vaknin. CSMF ¶97. The purchase or formation of each of the defendant corporations was for the express purpose of obtaining new and different customer bases and to provide different types or areas of service. CSMF ¶98.

It appears that Plaintiff seeks to extend the existing law, beyond any precedent, finding personal liability of the owner of a moving company for what it claims are statutory violations committed by different individuals who were not under the direct supervision and control of the owner. By Plaintiff's own facts, it was movers at origin who were motivated by their potential to increase their own profit, who would revise estimates; it was delivering movers who would extort additional money or payment in different forms in order to increase their own profit; it was independent sales agents who would over-promise and under-estimate in order to ensure that they would get their sales commission. If we are to accept Plaintiff's arguments, it is difficult to see how the owner would benefit from, as opposed to being harmed by these acts. It is also difficult to see how he had an opportunity to know or intervene. Finally, it is difficult to see why he would be motivated to conspire in a scheme to defraud consumers in order to benefit everyone but him. To quote Mona Lisa Vito, "[Plaintiff's] case does not hold water; [they're] wrong."

**Conclusion**

The lack of any discussion or analysis by Plaintiff of the actual shipping documents, including estimates, revised estimates, orders for service, bills of lading, etc., demonstrates

that Plaintiff wants this court to find that consumers were wronged without consideration of the terms to which they contractually agreed. Even viewing the facts in the light most favoring the Plaintiff, Plaintiff still could not be granted summary judgment. When viewed, as required, in the light most favorable the party opposing summary judgment, this one is not close.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendants
**US Moving Services, Inc., Moving & Storage SF, Inc., Moving Systems, Inc., and Yehoshua Vaknin**
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com
and dsmith@lrobertsandassociates.com

By: */s/ DAVID W. SMITH*
DAVID W. SMITH, ESQUIRE
Florida Bar No.: 89870
LAWRENCE J. ROBERTS, ESQ.
Florida Bar No.: 343218

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendants
**US Moving Services, Inc., Moving & Storage SF, Inc., Moving Systems, Inc., and Yehoshua Vaknin**
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com
and dsmith@lrobertsandassociates.com

By: */s/ DAVID W. SMITH*
DAVID W. SMITH, ESQUIRE
Florida Bar No.: 89870
LAWRENCE J. ROBERTS, ESQ.
Florida Bar No.: 343218

**SERVICE LIST**

**Office of the Attorney General, State of Florida Department of Legal Affairs v. US Moving Services, Inc., et al., CASE NO.: 1:18-cv-25446-CMA United States District Court, Southern District of Florida**

**Notice will be electronically mailed to:**

Howard S. Dargan, Esquire
Email: Howard.dargan@myfloridalegal.com
Carol E. A. DeGraffenreidt, Esquire
Email: Carol.Degraffenreidt@myfloridalegal.com and
Kelly.Conte@myfloridalegal.com
Hughens Dolisca, Esquire
Email: Hughens.Dolisca@myfloridalegal.com and
Patricia.DeRamus@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
1515 N. Flagler Drive, Suite 900
West Palm Beach, FL 33470

Tel.: (561) 837-5007
Fax: (561) 837-5109

*Counsel for Plaintiff*